

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALEA LONDON LTD., | ) Case No. 1:06-cv-2206 |
| Plaintiff, | ) Judge Dan Aaron Polster |
| vs. | ) |
| SKEETER'S 19TH HOLE, INC., et al., | ) **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) |

Before the Court is the Motion to Dismiss filed by Defendants Evan DaSilva, Joyce Chamberlain, and Ken Hopkins (collectively "Individual Defendants") (**ECF No. 10**), in which Defendant Skeeter's 19th Hole, Inc. ("Skeeter's") joined (**ECF No. 15**). For the reasons below, the joint Motion to Dismiss is **GRANTED**.

## I. PROCEDURAL BACKGROUND

On March 2, 2006, James D. Cline drove a 2000 Chevrolet Silverado truck into the vehicle operated by Andrew Hopkins and in which Grace Chamberlain and DaSilva were passengers. Andrew Hopkins and Grace Chamberlain died as a result of injuries sustained in the collision, while DaSilva was permanently injured. Cline was detained at the scene of the crash

by police, and eventually pled guilty to and was convicted of several felony offenses. Cline was sentenced to thirty-eight (38) years in custody on September 6, 2006. Before the collision, Cline allegedly consumed alcohol at Skeeter's, a restaurant and pub. Skeeter's had previously purchased a Commercial Lines Policy of insurance from Alea, which policy period was still in effect at the time of the collision.

Anticipating that the Individual Defendants would file state court civil claims against Skeeter's, Alea filed the instant suit in federal court on September 13, 2006. (*ECF No. 1.*) Alea seeks a declaratory judgment that Alea has no duty to indemnify or defend Skeeter's, or any agent or employee of Skeeter's, against any claims by the Individual Defendants in any future state suit. (*Id.*, 6-7.) Alea argues that the terms of the insurance policy preclude coverage for any anticipated[1] claims filed by the Individual Defendants against Skeeter's. (*Id.*, 4-6.) Specifically, Alea contends that the policy contains an express liquor liability exclusion. (*Id.*, 5.) Furthermore, Alea claims Skeeter's declined to purchase liquor liability coverage when purchasing the policy. (*Id.*) According to Alea's argument, the Individual Defendants have only a single cause of action against Skeeter's pursuant to O.R.C. § 4399.18 (a "Dram Shop claim"), and claims under § 4399.18 are expressly excluded under the terms of the policy Alea issued to Skeeter's. (*Id.*, 5-6.) Therefore, Alea argues, a declaratory judgment from the Court relieving Alea of any duty to defend or indemnify Skeeter's against any claims by the Individual Defendants is appropriate. (*Id.*)

---

[1] Alea filed the complaint in the instant case, as well as their opposition brief, before the Individual Defendants filed their state case.

On October 9, 2006, the Individual Defendants filed the instant Motion to dismiss Alea's federal suit, arguing that the Court lacks subject matter jurisdiction. (*ECF No. 10.*) Skeeter's did not initially join the Motion to Dismiss. On October 23, 2006, Alea filed a brief opposing the Motion. (*ECF No. 13.*) One day later, on October 24, 2006, Skeeter's joined the Individual Defendants' Motion, urging that the Court should decline to exercise its discretionary jurisdiction over Alea's complaint. (*ECF No. 15.*) The next day, October 25, 2006, the Individual Defendants filed a reply brief to Alea's opposition brief. (*ECF No. 16.*)

Also on October 24, 2006, the Individual Defendants in the instant case (along with DaSilva's parents Carlos DaSilva and Mary DaSilva, and Joyce Chamberlain and Kenneth Hopkins as individuals) filed suit in the Court of Common Pleas for Geauga County, Ohio alleging state law claims against the following parties: Cline; Skeeter's; Karen Hensley (the owner of the truck Cline was driving at the time of the collision); John Does I-V (as of yet unknown individuals, businesses, insurers or other entities working, operating, owning, managing and/or doing business in the State of Ohio who caused and/or contributed to the plaintiffs' claimed injuries and damages); and John Does VI-X (as of yet unknown employees, agents, or representatives of Skeeter's that caused and/or contributed to the plaintiffs' claimed injuries and damages). (*ECF No. 19, Ex. A.*) The state court law suit is grounded in the same underlying facts as the instant case. (*Id.*)

In light of this development, the Court directed the parties to file additional, narrowly focused sur-reply briefs addressing the specific following issue: how does the fact that the Individual Defendants have now filed a state court action alleging state law claims affect this Court's decision whether to exercise discretion over the federal declaratory judgment case, based

on the five-step analysis articulated by the Sixth Circuit in *United States Fire Ins. Co. v. Albex Aluminum*, 161 Fed. Appx. 562, 564 (6th Cir. 2006). (*ECF No. 18.*) Alea subsequently filed its sur-reply brief on November 6, 2006. (*ECF No. 19.*) As instructed, Skeeter's (*ECF No. 21*) and the Individual Defendants (*ECF No. 22*) filed their respective sur-reply briefs on November 13, 2006. Thus, the Motion has been fully briefed and is now ripe for adjudication.

## II. DISCUSSION

The Supreme Court has held, in cases brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, that a district court's decision to stay or dismiss the federal case during the pendency of a parallel state court proceeding is governed by the discretionary standard articulated in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995). Thus, *Brillhart* provides the applicable standard. *Cincinnati Ins. Cos. v. Tennessee Log Homes, Inc.*, 2005 U.S. Dist. LEXIS 41398 (E.D. Tenn. 2005). The *Brillhart* Court stated that, although district courts have jurisdiction over federal declaratory judgment actions, they are "under no compulsion to exercise that discretion." *United States Fire Ins. Co. v. Albex Aluminum*, 161 Fed. Appx. 562, 564 (6th Cir. 2006) (quoting *Brillhart*, 316 U.S. at 494). Indeed, "exercise of jurisdiction under the Declaratory Judgment Act . . . is not mandatory." *Albex Aluminum*, 161 Fed. Appx. at 563 (quoting *Bituminous Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004)).

Instead, the district courts have "unique and substantial discretion" in deciding whether or not to grant declaratory judgment. *Albex Aluminum*, 161 Fed. Appx. at 563 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Notably, district courts need not point to "exceptional circumstances" in declining to exercise jurisdiction in a declaratory judgment

-4-

action. *Albex Aluminum*, 161 Fed. Appx. at 564 (citing *Wilton*, 515 U.S. at 286; *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-20 (1976)).

Moreover, where another suit involving the same parties and presenting the same opportunity for adjudication of the same state law issues is pending in state court, a district court might be deemed to indulge in "gratuitous interference" if it permits the federal declaratory judgment action to proceed. *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495).

A district court's discretion is not, however, unfettered in the Sixth Circuit. *Albex Aluminum*, 161 Fed. Appx. at 564. The court must consider the following five factors in deciding whether to exercise jurisdiction in a declaratory judgment action:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* (quoting *Grand Trunk Western R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)); *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). Accordingly, the Court will review each of the five factors in turn.

### 1. Whether the judgment would settle the controversy

The Court finds that a judgment in the instant case will not fully settle the controversy. Although Alea focuses its arguments on the Dram Shop claim coverage issue, Alea actually seeks a decision that it has no duty to defend or indemnify Skeeter's at all, which goes well beyond just the narrower Dram Shop claim issue. The underlying controversy involves determinations of what happened on the night of the collision, who took what actions, who was

at fault, who is liable, and the appropriate resolution. The controversy also includes claims by the Individual Defendants and additional plaintiffs against not only Skeeter's but also Cline and Hensley. Thus, a federal court judgment in the instant case that Alea has no duty to defend or indemnify Skeeter's would fail to fully settle the controversy, and therefore this factor weighs in favor of declining to exercise discretionary jurisdiction.

**2. Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue**

The Court finds that this factor is neutral: the instant federal case clarifies *one* of many legal relationships in the broader underlying case (the relationship between Alea and Skeeter's), but leaves the remainder untouched. A ruling by the Court would not reach these other relationships, and therefore this factor is neutral, weighing neither in support of nor against exercising discretionary jurisdiction.

**3. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"**

The Court finds that concerns about using declaratory judgments for procedural fencing purposes or to win a race for res judicata apply here. According to Alea's opposition brief, the Individual Defendants have "only one cause of action against Skeeter's." (*Pl. Opp. Br.* 5.) It logically follows from this argument that if Alea can obtain a declaratory judgment from the Court stating that Alea has no duty to defend or indemnify Skeeter's or Skeeter's employees under the insurance policy as to the purported single cause of action, then Alea has no liability in the underlying (state) case at all. Similarly, Alea claims that "coverage issues cannot be pending before any state court." (*Id. at 11*.) Applying Alea's strategy, therefore, a declaratory judgment

in federal court on the coverage issue will foreclose any potential liability or duty regardless of the outcome of the underlying state case.

The Court finds that although there is no evidence of bad faith on Alea's part, it is apparent that Alea filed the instant case just to get to court first. Alea hopes to secure a favorable ruling in federal court as a res judicata shield to preclude any subsequent "duty to defend or indemnify" claims brought against Alea after or in conjunction with the state court suit. *See, e.g., Albex Aluminum*, 161 Fed. Appx. at 565. Thus, the third factor also weighs in favor of declining to exercise discretionary jurisdiction.

**4. Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction**

The Court finds that this particular use of a federal declaratory judgment action would increase the friction between federal and state courts. Critically, the dispute over the scope of Alea's duty to defend or indemnify Skeeter's or Skeeter's employees is encompassed by the broader underlying case currently pending in state court. Skeeter's has represented to the Court that it will bring a third-party claim against Alea in the state court action if Alea refuses to provide a defense. (*See Def. Sur-Rep. Br.* 2.) Similarly, Alea can certainly intervene in the state case to seek a declaration of coverage. Regardless of how Alea comes to be part of the state court action, however, that inevitable development will require the state court and this Court to determine the same question of Alea's liability to Skeeter's. Simultaneous consideration by this Court and the state court will be duplicative, unnecessary, inefficient, a waste of judicial resources, and potentially lead to conflicting or contradictory outcomes. There is no federal question involved in the instant federal case; the issues of coverage under the Alea policy and, relatedly, the question of potential claims based on the facts of the underlying case, are purely

questions of Ohio statutory and common law and public policy. In the absence of a showing that the state courts are unable or unwilling to resolve state law contract and insurance coverage issues in a "timely, competent, fair and comprehensive fashion," judicial economy and comity weigh in favor of declining to issue declaratory judgment in a case such as the instant action. *See, e.g., Albex Aluminum*, 161 Fed. Appx. at 565-66. Alea has offered no showing that the Geauga County Court of Common Pleas is unable or unwilling to resolve the coverage issues.

Moreover, contrary to Alea's assertions, the Court finds that conflicting authority exists among Ohio state courts as to whether § 4399.18 provides the exclusive remedy against a liquor permit holder or whether common law causes of action may be brought against a liquor permit holder for injuries caused by an intoxicated patron. *See e.g., Auto-Owners Ins. Co. v. JC KC Inc.*, No. 18937, 1998 W.L. 766695, at *5-6 (Ohio App. 9th Nov. 4, 1998) (finding additional causes of action beyond just that provided by § 4399.18); *Prince v. Buckeye Union Ins. Co.*, No. 92-CA-6, 1992 W.L. 36578 (Ohio App. 5th Dec. 2, 1992) (same); *Keaton v. Gordon Biersch Brewery Restaurant Group*, No. 05AP-110, 2006 WL 1351516, at *11 (Ohio App. 10th May 16, 2006) (allowing plaintiff to go forward on a common law negligence theory aside from a § 4399.18 claim). *But Cf, e.g., Aubin v. Metzger*, No. 1-03-08, 2003 WL 22229400 (Ohio App. 3rd Sept. 29, 2003); *Jackson v. Walker*, No. 22996, 2006 WL 2422561, at *5 (Ohio App. 9th Aug. 23, 2006); *Sullivan v. Heritage Lounge*, No. 04AP-1261, 2005 WL 2160059, at *7 (Ohio App. 10th Sep. 8, 2005) (all concluding that § 4399.18 provides the sole means for recovery against a liquor permit holder for injuries caused by an intoxicated patron).

Critically, the Ohio Supreme Court has not issued a decision resolving this conflict among the intermediate state courts. There is no reason for a federal court to decide the purely

state issue of whether there is any common law or negligence cause of action against an establishment (or employees of such establishment) that knowingly serves an intoxicated patron (as distinguished from a Dram Shop claim), especially when that determination can be made in the parallel state case. Notably, this Court's ruling on Ohio state law issues could not be appealed to the Ohio Supreme Court, which is the court best situated to ultimately determine unsettled state law questions. Thus the fourth factor accordingly weighs in favor of declining to exercise discretionary jurisdiction.

### 5. Whether there is an alternative remedy which is better or more effective

The Court finds that a better and more effective alternative remedy exists in the form of the pending state court action. Generally the Sixth Circuit considers a state court civil action for indemnification to be a better and more effective remedy than a declaratory judgment in federal court. *See Northern Ins. Co. v. Addison Prods., Inc.*, 148 F. Supp. 2d 859, 863 (E.D. Mich. 2001) (citing *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990); *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 462-63 (6th Cir. 1986); *Amer. Home Assurance Co. v. Evans*, 791 F.2d 61, 62 (6th Cir. 1986)). The pending state action is broader and more comprehensive than the instant federal action, including as it does additional parties and wholly encompassing the coverage issues raised in the instant federal case. Alea seeks a determination of the extent and scope of coverage pursuant to its insurance policy, and, accordingly, a judgment as to Alea's legal liabilities and responsibilities. As discussed previously, Skeeter's has represented to the Court that it will file a claim against Alea in the state case, and thus the state court can determine the coverage issues presented in the instant federal case. To have the state court interpret and apply Ohio statutory and common law in the context

of all the case's underlying facts is clearly a better and more effective alternative remedy than a declaratory judgment from this Court. Consequently, the fifth factor likewise weighs in favor of declining to exercise discretionary jurisdiction.

### III. CONCLUSION

For all these reasons, the Court concludes that at least four of the five *Albex Aluminum* factors weigh against exercising jurisdiction in the instant federal action. The Court therefore declines to exercise its discretionary jurisdiction over Alea's declaratory judgment complaint, and dismisses this case without prejudice.

Accordingly, the Individual Defendants' and Skeeter's' joint Motion to Dismiss (ECF No. 10) is hereby **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE.**


**IT IS SO ORDERED.**


                                      */s/Dan Aaron Polster    November 16, 2006*
                                      **Dan Aaron Polster**
                                      **United States District Judge**